IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

SASB CORPORATION d/b/a )
OKEECHOBEE DISCOUNT )
DRUG, individually and as the )
representative of a class of )
similarly-situated persons, )
) No.
)
       Plaintiff, )
)
  v. ) CLASS ACTION
)
MEDICAL SECURITY CARD )
COMPANY, LLC, )
)
       Defendant. )

## CLASS ACTION COMPLAINT

Plaintiff, SASB Corporation d/b/a Okeechobee Discount Drug ("Plaintiff"), brings this action on behalf of itself and a class of other persons similarly situated and, except as to those allegations pertaining to Plaintiff or its attorneys, alleges the following upon information and belief against defendant Medical Security Card Company, LLC ("Defendant" or "MSCC"):

## PRELIMINARY STATEMENT

1. MSCC violated the Telephone Consumer Protection Act, 47 USC § 227 (the "TCPA"), by sending unsolicited advertisements to

Plaintiff and others by facsimile.

2. An "unsolicited advertisement" is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

3. The TCPA provides a private right of action and statutory damages of $500 per violation. If it determines the advertiser's violations were knowing or willful, the Court can increase the damages up to three times, or up to $1,500 per violation. 47 U.S.C. § 227(b)(3).

4. On June 8, 2018, Plaintiff received on its telephone facsimile machine an unsolicited advertisement about "ScriptSave" "WellRx," a prescription discount card. A true and correct copy of that fax is attached as <u>Exhibit A</u> (hereinafter, the "Fax"). Plaintiff's fax machine received and automatically printed the Fax upon receipt.

5. The fax states that the discount card advertised on the facsimile is "Administered by Medical Security Card Company, LLC, Tuscon AZ."

6. Defendant did not have Plaintiff's prior express invitation or permission to send any advertisement by fax.

7. Plaintiff had no "established business relationship" with Defendant, but even if it had, the Fax would have been "unsolicited" because it did not have the opt-out notice required by 47 U.S.C. 227.

8. Receiving an unsolicited commercial facsimile wastes the recipient's toner and paper (in the case of Plaintiff) or fax receiving capacity, waste the recipient's valuable time, as they review and attempt to discern the source and purpose of the fax, interrupts the recipient's privacy, ties up telephone lines, can prevent a fax machine from receiving authorized faxes or sending outgoing faxes, causes unwarranted wear and tear on the fax machine, and otherwise increases costs or wastes fax resource allocations.

9. On behalf of itself and all others similarly situated, Plaintiff seeks statutory damages and other relief for each of Defendant's violations of the TCPA occurring during the statutory limitations period commencing four years prior to the filing of this action and continuing until the Court orders notice to a certified class, except all persons excluded from the proposed class.

## PARTIES, JURISDICTION, AND VENUE

10. Plaintiff, SASB Corporation operates and does business as Okeechobee Discount Drugs, a pharmacy located at 203 SW Park St, Okeechobee, FL.

11. Defendant, Medical Security Card Company, LLC, is a Delaware corporation with its principal place of business located at 350 S Williams Blvd, Tuscon, AZ 85711. MSCC's registered agent is The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange St, Wilmington, DE 19801.

12. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

13. Personal jurisdiction exists over MSCC in Florida because it has committed tortious acts in the State by sending unlawful fax advertisements to Florida residents, such as Plaintiff.

14. Venue is proper in the Southern District of Florida, because MSCC committed statutory torts within this District and a significant portion of the events took place here.

## FACTS

15. Defendant has sent unsolicited advertisements by facsimile.

16. The Fax, attached as Exhibit A, is a true and correct copy of a one-page facsimile received and automatically printed by Plaintiff's telephone facsimile machine on June 8, 2018.

17. The Fax advertised the commercial availability or quality of property, goods, or services.

18. According to the Fax, ScriptSave WellRx is "A Trusted Pharmacy Partner for Cash Programs for Over 20 Years." Exhibit A.

19. ScriptSave® is a registered trademark of MSCC.

20. The top of the Fax said it was "From: Pharmacy Contracting," but Plaintiff had no contract with MSCC.

21. The Fax directed recipients to Defendant's website, www.wellrx.com, specifically to "www.wellrx.com/physicians-and-employers." There, Defendant states that pharmacies benefit because MSCC can "Help patients to stay compliant with their prescription medication regimen." www.wellrx.com/physicians-and-employers (last visited 6/7/22).

22. According to MSCC's website:

Savings programs like ScriptSave WellRx negotiate discounts on bulk drug purchases with pharmacy owners. Consumers can then access lower medication prices at nearby pharmacies by using a free card or mobile app provided by the Rx savings program.

5

> When you use the drug card to fill your prescriptions, the pharmacy compensates the discount program. In some regards, it can be thought of as a referral fee, paid by the pharmacy to the discount program. Pharmacies not only benefit from the additional items that customers usually purchase when visiting the store but, in addition, many of the patients using a cash savings card are uninsured and would otherwise not be filling their prescription. Without the Rx savings program, these potential customer visits to the pharmacy would have been abandoned before they happened, resulting in the loss of both the prescription and the foot-traffic through the store.

https://www.wellrx.com/how-prescription-discount-cards-work/ (last visited 6/7/22).

23. The Fax invited the recipient to "request patient take-one cards or fliers, [by] visit[ing] www.wellrx.com/physicians-and-employers."

24. Defendant did not obtain Plaintiff's prior express invitation or permission to send any advertisement by fax.

25. Plaintiff did not have an "established business relationship" with Defendant.

26. The Fax contains no opt-out notice. 47 U.S.C. § 227(b)(2)(D); 47 C.F.R. § 64.1200(a)(4)(iii).

27. On information and belief, Defendant sent unsolicited advertisements by facsimile to more than 40 persons. The Fax is a generic

form announcement with graphics and trademarks and no personalized information. The Fax is not addressed to anyone. Sending advertisements in bulk by fax is an inexpensive way to reach a wide audience.

28. Plaintiff intends to discover the various unsolicited advertisements that Defendant sent by fax.

29. Plaintiff and the other class members were under no obligation to attempt to protect their fax machines from Defendant's unlawful advertising faxes. Their fax machines are ready to send and receive their urgent communications, or private communications about their patients, not to receive unsolicited advertisements.

## CLASS REPRESENTATION ALLEGATIONS

30. Plaintiff brings this action as a class action on behalf of itself and a class of all others similarly situated and initially defined as follows:

> All persons and entities who were subscribers to fax numbers that were sent faxes (1) by or on behalf of Medical Security Card Company, LLC; (2) promoting the commercial availability or quality of its property, goods, or services; (3) for which it did not have prior express invitation or permission; and (4) which did not contain an opt out notice as described in 47 U.S.C. § 227; but (5) excluding the subscribers to every fax number sent such a fax on or about October 3, 2019.

Also excluded from the class are MSCC, any entity in which MSCC has a controlling interest, MSCC's employees, officers, and directors, MSCC's legal representatives, heirs, successors, and assigns, and any Judge assigned to this action, and his or her family.

31. Plaintiff has excluded the subscribers to fax numbers targeted on or about October 3, 2019, because their claims have already been settled and released in a prior class action. *Michigan Urgent and Primary Care Physicians, P.C. v. Medical Security Card Company, LLC*, 20-cv-10353 (E.D. Mich., 2/11/20) (the "Michigan case"). *See, e.g.*, ECF 50 (Final Approval Order, ¶5 ("The following Settlement Class is now certified for purposes of settlement pursuant to Rule 23(a) and (b)(3): All persons and entities who were subscribers to fax numbers that were sent faxes by or on behalf of Medical Security Card Company, LLC on or about October 3, 2019, promoting the commercial availability or quality of its goods or services for which it /they did not obtain prior consent and which did not contain an opt out notice as described in 47 U.S.C. § 227)); ECF 40 (Settlement Agreement, ¶10 ("'Released Claims' means any and all causes of action, suits, claims, or demands, in law or in equity, known or unknown, actual or contingent, asserted or unasserted, at this time or at

8

the time the claims asserted in the Litigation arose, which Plaintiff or any other Settlement Class Members now have, did have, or may have in the future against the Released Parties, arising under any legal theory under the TCPA, whether or not alleged, and any similar legal theory related to or arising from the receipt of advertisements by facsimile. This includes, but is not limited to, all claims that were asserted or could have been asserted against the Released Parties in the Litigation, including TCPA claims.)); ECF 40 (Settlement Agreement, ¶4 ("Identification of Settlement Class Members. Defendant represents that, based on a review of its records, and as has been shown in discovery, after conducting a thorough investigation of all available information and records, that approximately 23,964 facsimiles were sent by or on its behalf, which Plaintiff asserts are unsolicited facsimile advertisements as defined in the TCPA. Defendant or Settlement Class Counsel shall provide to the Settlement Class Administrator the list of the 23,964 recipients including the facsimile numbers, names, and addresses, if available, associated with each unique fax number based upon its records (the "Fax List"))).

32. Plaintiff was not a member of the settlement class in the Michigan case, did not receive any notice of the settlement, and its claims were not released in that settlement.

33. The settlement papers in the Michigan case make no mention of Defendant sending faxes in 2018, when Plaintiff received the Fax.

34. This action is brought, and may properly be maintained as, a class action under Fed. R. Civ. P. 23. This action satisfies Rule 23(a)'s numerosity, commonality, typicality, and adequacy requirements. Additionally, prosecution of Plaintiff's claims separately from the putative class's claims would create a risk of inconsistent or varying adjudications under Rule 23(b)(1)(A). Furthermore, the questions of law or fact that are common in this action predominate over any individual questions of law or fact making class representation the superior method to adjudicate this controversy under Rule 23(b)(3).

### Numerosity/Impracticality of Joinder

35. On information and belief, the class includes more than forty persons and, thus, is so numerous that joinder of all members is impracticable. The precise number of class members and their identities

are unknown to Plaintiff, but Plaintiff intends to obtain them in discovery from MSCC's records or the records of third parties.

### Commonality and Predominance

36. There is a well-defined community of interest and common questions of law and fact that predominate over any question affecting only individual members of the class. These common legal and factual questions, which do not vary from one class member to another, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to the following:

    a.    Whether MSCC sent unsolicited advertisements by fax;

    b.    Whether MSCC's fax advertised the commercial availability or quality of property, goods, or services;

    c.    The manner and method MSCC used to compile or obtain the lists of fax numbers to which it sent advertisements by fax;

    d.    Whether MSCC faxed advertisements without obtaining prior express invitation or permission to do so;

11

e. Whether MSCC's facsimiles contained an opt-out notice that complied with the TCPA's requirements;

f. Whether Plaintiff and the other class members are entitled to statutory damages;

g. Whether the Court should treble the statutory damages; and

h. Whether MSCC should be enjoined from sending unsolicited advertisements by facsimile in the future.

### Typicality of Claims

37. Plaintiff's claims are typical of the claims of the other class members because all were injured by the same wrongful practices. Plaintiff and the members of the class received MSCC's unsolicited advertisements by facsimile. If Plaintiff prevails on its claims, then the putative class members will prevail as well.

### Adequacy of Representation

38. Plaintiff is an adequate representative of the class. Plaintiff's interests do not conflict with the interests of the class. Plaintiff has retained counsel competent and experienced in complex class action litigation, and TCPA litigation in particular, and Plaintiff intends to

vigorously prosecute this action. Plaintiff and its counsel will fairly and adequately protect the interest of members of the class.

### A Class Action is the Superior Method of Adjudicating the Common Questions of Law or Fact that Predominate over Individual Questions

39. A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all class members is economically unfeasible and procedurally impracticable. Class members do not have strong interests in individually controlling the prosecution of separate actions. There is no other litigation pending regarding fax advertisements from MSCC. Management of these claims and their resolution as a class action will not be difficult.

### COUNT I
### TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

40. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

41. As indicated above, Plaintiff brings Count I on behalf of itself and a class of similarly-situated persons.

42. The TCPA provides:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court

13

of a state, bring in an appropriate court of that state:

> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

47 U.S.C. § 227(b)(3).

43. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227(b)(1).

44. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

45. Exhibit A is an unsolicited advertisement MSCC sent by fax to Plaintiff's nine-digit fax number and Plaintiff's telephone facsimile machine.

46. Plaintiff intends to discover and include all unsolicited advertisements MSCC sent by fax.

47. MSCC violated 47 U.S.C. § 227 *et seq.* by sending advertisements by fax to Plaintiff and the other class members without their prior express invitation or permission and, to the extent MSCC contends it sent one or more advertisements by facsimile because of an "established business relationship" with any recipient, by failing to include the clear and conspicuous opt-out notice required on such facsimiles. 47 U.S.C. § 227(b)(2)(D)(i); 47 C.F.R. § 64.1200(a)(4)(iii).

48. MSCC is liable because it sent the faxes, caused the faxes to be sent, participated in the activity giving rise to and/or constituting the violation, the faxes were sent on its behalf, and/or under general principles of vicarious liability applicable under the TCPA, including actual authority, apparent authority, and ratification.

49. MSCC knew or should have known that Plaintiff and the other class members had not given express invitation or permission to send them advertisements by facsimile and that the faxes did not display the opt-out notice required by 47 U.S.C. § 227(b)(2)(D); 47 C.F.R. § 64.1200(a)(4)(iii).

50. Even if MSCC did not intend to cause damage to Plaintiff and the other class members, did not intend to use their paper and toner, did not intend to waste their fax receiving capacity, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with MSCC's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

51. The Court, in its discretion, can treble the statutory damages if the violation was knowing or willful. 47 U.S.C. § 227.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly-situated, demands judgment in its favor and against MSCC, as follows:

    A. That the Court adjudge and decree that the present case may be properly maintained as a class action, certify a class that does not include class members from the Michigan case, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

    B. That the Court award $500 in statutory damages for each of MSCC's violations of the TCPA;

C. That the Court treble the statutory damages to $1,500 per violation if it finds that MSCC knowingly or willfully violated the TCPA;

D. That the Court enter an injunction prohibiting MSCC from sending advertisements by fax without first demonstrating that it has obtained express invitation or permission to fax advertisements; and

E. That the Court award costs and such further relief as the Court may deem just and proper.

Respectfully submitted,

SASB CORPORATION d/b/a OKEECHOBEE DISCOUNT DRUG, individually and as the representative of a class of similarly-situated persons,

By: /s/ Phillip A. Bock
One of its attorneys

Phillip A. Bock (FL 93895)
BOCK HATCH & OPPENHEIM, LLC
820 W. 41st St., #305
Miami Beach, FL 33140
Telephone: 305-239-8726
Email: service@classlawyers.com

17