UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-Civ-14206-CANNON/MCCABE

SASB CORPORATION,
d/b/a Okeechobee Discount
Drug Store

    Plaintiff,

vs

MEDICAL SECURITY
CARD COMPANY, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss ("Motion") (DE 14), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 21). The Motion seeks to dismiss all counts in the complaint (DE 1). For the reasons set forth below, the undersigned respectfully recommends that the Motion be **Denied**.

**I.    OVERVIEW**

This is a putative class action alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, arising from unsolicited advertisements allegedly sent by facsimile or "fax." This action follows a similar class action against the same Defendant filed and settled in the Eastern District of Michigan, *Michigan Urgent & Primary Care Physicians, P.C. v. Medical Security Card Co., LLC*, No. 20-CV-10353-TGB (DE 1 ¶¶ 30-31). Plaintiff seeks to certify a class here consisting of all persons who received allegedly unlawful faxes, other than those already covered by the previous class action in Michigan (DE 1 ¶¶ 9, 31).

Defendant brings this Motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the complaint fails to state a claim upon which relief can be granted because the fax at issue did not qualify as an "advertisement" within the meaning of the TCPA (DE 14 at 1). For the reasons stated below, the Motion should be denied.

## II.  LEGAL STANDARD

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a mere "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.  FACTUAL ALLEGATIONS

The Court accepts the following allegations as true. Plaintiff operates a pharmacy in Okeechobee, Florida (DE 1 ¶ 10). Defendant serves as the administrator for a discount prescription drug program, available to retail pharmacy customers, known as "ScriptSave" (DE 1 ¶¶ 4-5). According to Defendant's website, this program helps both customers and pharmacies (DE 1 ¶ 22). The program helps customers by offering lower prices on prescription drugs, available because Defendant "negotiate[s] discounts on bulk drug purchases" (DE 1 ¶ 22). The program helps pharmacies by increasing "foot-traffic" in retail stores, which leads to the sale of "additional

items that customers usually purchase when visiting the store" (DE 1 ¶ 22). The program also allows pharmacies to capture drug sales that might otherwise be lost due to customers not filling prescriptions they cannot afford without the aid of a discount (DE 1 ¶ 22).

According to Defendant's website, the ScriptSave program is "free" to retail pharmacy customers (DE 1 ¶ 22). It is not free, however, to pharmacies. Under the company's business model, as explained by the company's website, "the pharmacy compensates the discount program" (DE 1 ¶ 22). Defendant's website further explains that this compensation "can be thought of as a referral fee, paid by the pharmacy to the discount program" (DE 1 ¶ 22).

On June 8, 2018, Defendant sent an unsolicited fax, which the complaint characterizes as an "advertisement," to Plaintiff's fax machine (DE 1 ¶¶ 4, 16). The fax promoted Defendant's ScriptSave program as a "Pharmacy Friendly" program with "Low Admin Fees," offered by "A Trusted Pharmacy Partner for Cash Programs for Over 20 Years" (DE 1-1). The complete fax, attached to the complaint as Exhibit 1, provided as follows:



(DE 1-1).

As noted, the fax encouraged Plaintiff to visit Defendant's website in order "[t]o request patient take-one cards or fliers," presumably to promote the ScriptSave program to Plaintiff's retail customers (DE 1-1). The fax also included Defendant's website address, which contained a description of the company's business model, including the advantages available to pharmacies for choosing to participate in the ScriptSave program (DE 1-1, DE 1 ¶ 22).

## IV. DISCUSSION

As a general matter, and subject to certain exceptions not relevant here, the TCPA makes it unlawful to send any "unsolicited advertisement" to any fax machine in the United States. *See* 47 U.S.C. § 227(b)(1)(C). Defendant urges dismissal of the TCPA claim here because the fax at issue was not an "advertisement" but a mere "informational fax" pertaining to a free discount drug program that could not be bought or sold (DE 14 at 1). As set forth below, the Court disagrees.

4

A. **"Advertisement"**

The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5). The term "advertising" means "[t]he action of drawing the public's attention to something to promote its sale." *The Florence Endocrine Clinic, PLLC v. Arrival Med.*, LLC, 858 F.3d 1362, 1366 (11th Cir. 2017) (citing *Advertising, Black's Law Dictionary* 59 (8th ed. 2004)). "To be an [advertisement], a fax must promote goods or services to be bought or sold, and it should have profit as an aim." *Kawa Orthodontics LLP v. Lab'y Corp. of Am. Holdings*, No. 19-80521-Middlebrooks, 2019 WL 7371821, at *2 (S.D. Fla. Oct. 30, 2019).

A fax may qualify as an advertisement under the TCPA even without overt advertising language, such as a fax offering a "free seminar" where a product will be promoted or sold at the seminar, or a "newsletter" by a law firm with a substantial section devoted to the firm's contact information. *Id.* at *3. In such cases, the inquiry is not whether the fax advertises on its face, but whether it was sent for the purpose of promoting sales. *Id.* The question of whether a given fax constitutes an "advertisement" within the meaning of the TCPA is a question of law for the court to decide. *See Sandusky Wellness Ctr., LLC v. Medco Health Sols.*, Inc., 788 F.3d 218, 221-23 (6th Cir. 2015).

Here, Defendant relies on *Sandusky Wellness Center*, 788 F.3d at 218, to argue that its fax was not an "advertisement," but a mere "informational fax" pertaining to a free program that could not be bought or sold (DE 14 at 1, 5). In *Sandusky*, pharmacy benefit manager ("PBM") sent an unsolicited fax to a doctor's office advising the doctor of the PBM's formulary, i.e., its list of pre-approved drugs covered by the insurance plans of many of the doctor's patients. *Id.* at 220. The

PBM sent the fax so the doctor would be aware of drugs covered, and not covered, by patient insurance. *Id.* This, in turn, would allow the doctor to know which prescriptions would be most affordable for patients to obtain. *Id.* at 220-21.

Under these circumstances, the Sixth Circuit found the fax to be "informational," rather than an advertisement. *Id.* at 222. The court reasoned that the fax did not "promote the drugs or services in a commercial sense," and that it was "not sent with hopes to make a profit, directly or indirectly, from [the recipient] or the others similarly situated." *Id.* The Sixth Circuit found it significant that the purpose of the fax was not to "attract clients or customers." *Id.* In fact, the PBM had no interest in soliciting business from the doctor who received the fax. *Id.*

The allegations here are different. While the ScriptSave program may be free to retail pharmacy customers, it is not free to retail pharmacies like Plaintiff. According to Defendant's website, the address of which was included in the fax, "the pharmacy compensates the discount program," and this compensation "can be thought of as a referral fee, paid by the pharmacy to the discount program" (DE 1 ¶ 22). Construing the allegations in the light most favorable to Plaintiff, Defendant sent the fax with the aim that Plaintiff would participate in the ScriptSave program, resulting in compensation and "referral fees" paid by Plaintiff to Defendant (DE 1-1, DE 1 ¶ 22). As such, the fax had "profit as an aim." *See Kawa Orthodontics LLP,* 2019 WL 7371821 at *2.

Likewise, the fax included numerous references designed to appeal to pharmacies like Plaintiff, including "Pharmacy Friendly," "Low Admin Fees," and "Trusted Pharmacy Partner in Cash Programs for Over 20 Years" (DE 1-1). Defendant's website, the address of which was included in the fax, likewise touted the benefits available to pharmacies for signing up to join the ScriptSave program, including increased "foot-traffic" in the store and increased sales from lost and abandoned prescriptions (DE 1 ¶ 22). The fax itself was sent from "Pharmacy Contracting,"

yet another indication that Defendant intended to solicit Plaintiff to enter a contract to join the ScriptSave program (DE 1-1). Unlike *Sandusky*, the fax here sought a future business relationship with the recipient. *Cf.* 788 F.3d at 225 (noting that "[t]he faxes at issue here solicit nothing" and "they don't even seek a future relationship with [the recipient]").

The Court notes that Defendant raised this same argument at the motion-to-dismiss stage of its previous case in Michigan, which involved a similar fax sent to a doctor's office, rather than to a retail pharmacy. *See Michigan Urgent Care & Primary Care Physicians, P.C. v. Med. Sec. Card Co.*, No. 20-CV-10353-TGB, 2020 WL 7042945 (E.D. Mich. Nov. 30, 2020). Even though the fax was sent to a doctor's office, the court nevertheless rejected Defendant's argument, reasoning that the "fax [was] trying to cause doctors to recommend a service to their patients (even if that service [came] at no cost to the doctors or the patients) which, if the patients use[d] it, [would] financially benefit Defendant." *Id.* at *3. As to the contention that the fax offered non-commercial information about a "free" program, the court reasoned:

> For purposes of making a plausible claim that may withstand a motion to dismiss, it is clear from the allegations in the Complaint that the program being promoted is not a welfare program, nor is it one being run by a charity, non-profit, or philanthropic entity. Defendant is alleged to be a for-profit limited liability corporation, and according to its website there is something being bought and sold here: access to negotiated rates on discount drugs….

*Id.*

This Court, too, finds Defendant's arguments unpersuasive. Indeed, the logic of the Michigan court applies even more so in this case, where Defendant sent the fax, not to a doctor's office, but to a retail pharmacy – the very target from whom Defendant hoped to generate revenue under its business model. In this regard, the ScriptSave program was not "free" to Plaintiff. Rather, Defendant expected Plaintiff to pay for the program by way of compensation in the form of "referral fees" (DE 1 ¶ 22).

7

Defendant also argues its fax cannot be deemed an "advertisement" because Defendant stood to gain, at most, only "ancillary commercial benefit" from sending the fax (DE 19 at 4). Defendant cites numerous cases in support of this proposition. *See ARcare v. IMS Health, Inc.*, No. 2:16CV00080JLH, 2016 WL 4967810, at *3 (E.D. Ark. Sept. 15, 2016) (dismissing TCPA claim based on fax that asked a medical practice to verify its address, phone number, office manager, and website); *Physician Healthsource, Inc. v. Janssen Pharms., Inc.*, No. 12-2132(FLW), 2013 WL 486207, at *5 (D. N.J. Feb. 6, 2013) (dismissing TCPA claim based on fax that advised recipient of up-to-date information on a prescription drug, but gave no information on "where or how it [was] available for purchase"); *Lutz App. Servs., Inc. v. Curry*, 859 F. Supp 180, 181 (E.D. Pa. 1994) (dismissing TCPA claim based on fax that notified recipient of available job opportunities at the sender's business).

The Court has reviewed these cases and finds they do not apply here. Defendant stood to gain more than "ancillary commercial benefit" from sending the fax at issue. Based on the description of Defendant's business model on its own website, Defendant generates revenue *directly* from pharmacies like Plaintiff (DE 1 ¶ 22). Accordingly, the "Pharmacy Contracting" division of Defendant's company sent Plaintiff a fax touting the ScriptSave program and inviting Plaintiff to visit Defendant's website, which further touted the benefits retail pharmacies might enjoy by signing up for the ScriptSave program (DE 1-1). The fax aimed to generate direct, not ancillary, commercial benefit from its recipient. The Court therefore finds the cases cited by Defendant to be distinguishable.

In short, construing all allegations in the light most favorable to Plaintiff, the Court finds the fax at issue here met the definition of an "advertisement" within the meaning of the TCPA. The fax promoted something for sale, namely, the ScriptSave discount drug program, to someone

who might pay for that program under Defendant's business model, namely, Plaintiff. As such, the fax had "profit as its aim." *See Kawa Orthodontics LLP*, 2019 WL 7371821 at *2. Defendant's Motion should be denied on this basis.

    **B.**    **Pretext**

Finally, in cases where a fax is merely "informational," the TCPA caselaw recognizes a secondary method for meeting the definition of "advertisement," namely, by showing that the fax served as a "pretext" for advertisement. *See Michigan Urgent Care & Primary Care Physicians, P.C.*, 2020 WL 7042945, at *3. Thus, a pretextual fax might offer free goods and services as "part of an overall marketing campaign to sell property, goods, or services." *Matthew N. Fulton, D.D.S., P.C. v. Enclarity, Inc.*, 962 F.3d 882, 890 (6th Cir. 2020) (recognizing that faxes offering free goods or services may constitute unsolicited advertising if "they serve as a pretext to advertise commercial products and services") (citation omitted); *see also Kawa Orthodontics LLP*, 2019 WL 7371821 at *3 (recognizing that a fax offering a "free seminar" might qualify as an advertisement if a product or service will be promoted at the seminar); *Bais Yaakov of Spring Valley v. Alloy, Inc.*, 936 F. Supp. 2d 272, 281 (S.D.N.Y. 2013) (finding fax that announced "free gifts" to be an advertisement under the TCPA).

In addition to the arguments raised above, Defendant argues the complaint fails to state a claim as a matter of law because it does not allege sufficient facts to meet the alternative definition of "advertisement" under the "pretext" theory (DE 14 at 1). Given the Court's conclusion above that the complaint satisfies the definition of "advertisement" in the first instance, the Court need not reach this alternative theory.

## V.     CONCLUSION & NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Defendant's Motion (DE 14) be **DENIED**.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

RESPECTFULLY SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this 16th day of September 2022.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE