**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 2:22-cv-14206 – Civil (Cannon)**

| | |
|---|---|
| SASB CORPORATION d/b/a OKEECHOBEE DISCOUNT DRUG, individually and as the representative of a class of similarly-situated persons, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| MEDICAL SECURITY CARD COMPANY, LLC, | )<br>)<br>) |
| Defendant. | ) |

**JOINT SCHEDULING REPORT**

Plaintiff, SASB Corporation d/b/a Okeechobee Discount Drug, and Defendant, Medical Security Card Company, LLC ("MSCC"), by and through their undersigned counsel and pursuant to this Court's August 29, 2022 Order (D.E. 22), Rule 26(f), Fed.R.Civ.P., and S.D. Fla. L.R. 16.1 and 26.1, hereby submit this Joint Scheduling Report.

**Information Required by S.D. Fla. L.R. 16.1(b):**

**(A)     The likelihood of settlement**:

It is premature to predict whether settlement is likely.

**(B)     Likelihood of Appearance in Action of Additional Parties**

The parties agree that the appearance of additional defendants in this action is not likely, but the parties reserve the right to add parties to this action if necessary and appropriate in a timely fashion.

**(C)     Proposed Limits on the Time:**

**(i)     To Join Other Parties and to Amend Pleadings**

The parties propose January 4, 2023 as the deadline to amend the pleadings and join additional parties.

**(ii)    To File and Hear Motions**

The parties propose January 5, 2024 as the deadline for filing a motion to certify a class, with a 21-day / 7-day briefing schedule. The parties propose that the deadline for filing dispositive motions and *Daubert* motions be 60 days following the Court's ruling on the class certification motion, with a 21-day / 7-day briefing schedule, and the deadline to file all pre-trial motions, including motions *in limine* shall be 60 days before trial, with a 14-day briefing schedule.

**(iii)   To Complete Discovery**

The parties propose July 7, 2023 as the close of fact discovery. The parties propose January 5, 2024 as the deadline to complete expert discovery.

**(D)    Proposals for the Formulation and Simplification of Issues, Etc**.

The parties propose each party be limited to one dispositive motion under Fed. R. Civ. P. 56. MSCC's pending Motion to Dismiss should not count toward the limit on dispositive motions, nor should any motion seeking to certify or challenging certification of a class.

**(E)    The Necessity or Desirability of Amendments to the Pleadings.**

The parties do not believe amending the pleadings is necessary or desirable at this time.

**(F)    Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information or Things Which Will Avoid Unnecessary Proof, Stipulations Regarding Authenticity of Documents, Electronically Store Information or Things, and the Need for Advance Rulings From the Court on Admissibility of Evidence.**

The parties will work in good faith to obtain admissions and stipulations that will serve to

limit the issues in the dispute and reduce the time needed to conduct a trial. The parties anticipate electronic discovery and will cooperate in good faith to develop a protocol to facilitate any such electronic discovery.

**(G)     Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence**

The parties propose that they meet and confer in advance of the deadline to object, oppose, and rebut their pretrial filings to discuss ways to avoid unnecessary proof and cumulative evidence.

**(H)     Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master.**

MSCC does not consent to trial before a Magistrate Judge.

**(I)     Preliminary Estimate of Time Required for Trial.**

The parties estimate a 3-4 day trial. Plaintiff has not requested a jury trial. MSCC has not yet answered because it filed a motion to dismiss, which is still pending on MSCC's objection to the Magistrate Judge's Report and Recommendation.

**(J)     Requested Date or Dates for Conferences Before Trial, a Final Pretrial Conference, and Trial.**

The parties request that the Court set a trial date after the Court rules on class certification and any dispositive motions. The parties further request a final pretrial conference approximately 30 days prior to the trial date.

**(K)     Specific Issues**

**(i)     Regarding Disclosure, Discovery, or Preservation of Electronically Stored Information, Including the Form or Forms in Which it Should be Produced.**

In order to limit the burdens associated with the collection and production of ESI, the parties propose that they meet and confer prior to requesting the other party search any custodian email. During the meet and confer, the parties shall discuss where and how responsive documents are likely to be stored, which custodians are most likely to have responsive information and how best to locate

responsive information within the custodians' email. The parties will also discuss the form such documents shall be produced.

In addition to the complexities inherent to any class action, this case may involve the necessity of obtaining records from third-party fax broadcaster(s), which in Plaintiff's counsel's experience can often be a difficult and time-consuming process.

**(ii)       Claims of Privilege or of Protection as Trial-Preparation Materials, Including – If the Parties Agree on a Procedure to Assert Those Claims After Production – Whether to Ask the Court to Include Their Agreement in an Order Under Federal Rule of Evidence 502.**

The parties propose that they submit a Stipulated Protective Order by October 21, 2022. The parties further propose that the inadvertent disclosure of privileged information during discovery in this action shall not constitute a waiver of that privilege, so long as the disclosing party promptly takes steps to correct the error upon learning of the disclosure, regardless of the steps taken to prevent that disclosure. The parties request that this agreement be entered as the Court's own Order under Fed. R. Evid. 502(d).

**(iii)     Matters Enumerated on the Court's ESI Checklist**

See Section (K).

**(L)     Other Information Helpful to the Court in Setting the Case for Status or Pretrial Conference.**

None.

Dated: October 7, 2022

| **BOCK HATCH & OPPENHEIM, LLC**<br>*Counsel for Plaintiff*<br><br>/s/ *Phillip A. Bock*<br>Phillip A. Bock (Fla. Bar No. 93895)<br>820 W 41st St, #318<br>Miami Beach, FL 33140<br>Phone: 305-239-8726<br>phil@classlawyers.com<br>service@classlawyers.com | **QUARLES & BRADY LLP**<br>*Counsel for Defendant*<br><br>/s/ *Julia M. Wischmeier*<br>Julia M. Wischmeier<br>101 East Kennedy Blvd., Suite 3400<br>Tampa, FL 33602<br>Phone: 813-384-6726<br>Julia.wischmeier@quarles.com |
|---|---|