UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 22-cv-14206-McCabe

SASB CORPORATION,
d/b/a
OKEECHOBEE DISCOUNT DRUG,
Individually, and as the representative
of a class of similarly situated persons
similarly situated,

      Plaintiffs,

(CLASS ACTION)

v.

MEDICAL SECURITY CARD COMPANY,
LLC,

      Defendant.
_____/

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND DIRECTING NOTICE TO SETTLEMENT CLASS

THIS CAUSE comes before me pursuant to Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Order Directing Notice to the Settlement Class ("Motion") (DE 104), filed on September 8, 2023, and the Parties' Joint Submission Proposing Dates for Class Action Settlement (DE 106), filed on September 18, 2023. In addition to preliminary approval of the class action settlement, Plaintiff has requested that I also conditionally approve the proposed class as detailed in the Parties' Settlement Agreement. Finally, Plaintiff asks me to approve of the form and dissemination of the notice to the proposed Class and set a final approval hearing within 100 days. I have reviewed the Motion and the Settlement Agreement. Being fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** as follows:

1.	Pursuant to Fed. R. Civ. P. 23, the settlement of this action, as provided in the Settlement Agreement attached to the Motion, is preliminarily approved as a fair, reasonable, and adequate settlement in the best interests of the Settlement Class, considering the factual, legal, practical, and procedural issues presented in this action.  The Settlement Agreement appears to have resulted from informed, good faith, arm's-length negotiations between the parties, with assistance from Rodney Max, Esq. of Upchurch Watson White & Max Mediation Group, and not the product of collusion.  The Settlement Agreement is within the range of reasonableness.  The settling parties have shown that the Court will likely be able to approve the Settlement Agreement under Rule 23(e)(2) and certify the Settlement Class for purposes of entering final judgment.  The Settlement Agreement, (attached to Plaintiff's Motion as Exhibit A, *see* DE 104-2), is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily adopted as an Order of this Court.

2.	Pursuant to Rule 23, by stipulation of the parties, and for the purposes of settlement, the Court hereby certifies the following "Settlement Class":

> All persons and entities who were sent faxes: (1) between June 8, 2018 and June 29, 2022; (2) by or on behalf of Medical Security Card Company, LLC; (3) promoting the commercial availability or quality of its property, goods, or services; and (4) which did not contain an opt out notice as described in 47 U.S.C. § 227; but excluding all persons and entities who received faxes through an online fax service provider.

By agreement of the Parties, the following persons are excluded from the Settlement Class: (1) Defendant, including its parent, subsidiary, and affiliated corporations, and their attorneys, officers, directors, agents, servants, and employees, and the immediate family members of such persons; (2) the named counsel in the Action and the employees of their offices or firms; and (3) the judge(s) assigned to the Action and their staff.

3. The Court finds that class certification for purposes of settlement is appropriate because (a) the Settlement Class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the Settlement Class that predominate over any question affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the Settlement Class; (d) Plaintiff and its attorneys will fairly and adequately protect the interests of the Settlement Class; and (e) a class action is the superior means of resolving this controversy.

4. The Court appoints SASB Corporation d/b/a Okeechobee Discount Drug as the "Class Representative" and appoints Phillip A. Bock and Bock Hatch & Oppenheim, LLC as "Class Counsel."

5. It appears that the Court will be able to conclude, pursuant to Rule 23(e)(2) and after notice to the Settlement Class, that: (a) the Class Representative and Class Counsel have adequately represented the Settlement Class; (b) the settlement was negotiated at arm's length; (c) the relief provided for the Settlement Class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class, including the method of processing class-member claims (direct notice by facsimile and U.S. Mail and a simple, one-page claim form with minimal and fair requirements), (iii) the terms of any proposed award of attorney's fees, including timing of payment, and (iv) the Settling Parties submitted copies of the signed Settlement Agreement; and (d) the settlement treats class members equitably relative to each other.

6. Therefore, good cause exists to schedule and conduct a Final Approval Fairness Hearing ("Fairness Hearing"), pursuant to Rule 23(e), to assist the Court in determining whether to grant Final Approval of the settlement and enter the Final Approval Order, and whether to grant Class Counsel's requested fee and expense award.

7. On the recommendation and agreement of the Parties, the Court appoints Class-Settlement.com as the Settlement Administrator.

8. The proposed Class Notice attached as Exhibit 2 to the Settlement Agreement (*see* DE 104-2 at 26), informs members of the Settlement Class of the Final Approval Fairness Hearing and informs them of their rights to submit claims, to object to all or any part of the settlement, including the requests for attorney's fees and expenses from the Settlement Fund, and to request exclusion from the settlement. The Class Notice includes the Claim Form required to obtain monetary benefits in the settlement. The Court finds that the Class Notice and its attached Claim Form comply with Rule 23, that they are appropriate, and that they are approved and adopted.

9. The Agreement provides, and the parties propose, that the Class Notice should be sent both by facsimile and by first-class U.S. Mail to the Class Notice List identifying the fax numbers that were sent the facsimiles at issue, and their presumed holders or users and their mailing addresses. The Class Notice and Claim Form, the Settlement Agreement, the Class Action Complaint, the Motion for Preliminary Approval, and this Preliminary Approval Order will be made available to class members on the settlement website.

10. The Court finds that the Settlement Agreement's plan for notifying the Settlement Class by both mail and facsimile will satisfy Rule 23(c)(2)(B)'s requirement of providing "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," and satisfy the requirements of due process. Consequently, the notice plan is approved and adopted, no other notice is necessary, and the Settlement Administrator is Ordered to issue the Class Notice as proposed.

11. Any member of the Settlement Class may request exclusion from the Settlement Class by following the instructions and procedures set forth in the Settlement Agreement and the

Class Notice before the expiration of the deadline set below to request exclusion. The Court will rule on all exclusion requests in the Final Approval Order.

12. Any member of the Settlement Class who does not request exclusion may object to the Settlement Agreement, in whole or in part, including any objection to Class Counsel's requested fee or expense award, by following the instructions and procedures set forth in the Settlement Agreement and the Class Notice before the expiration of the deadline set below to object to the settlement.

13. The Court hereby sets the following deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines and dates in the Class Notice:

(a) The Settlement Administrator shall send the Class Notice by fax and mail by **October 2, 2023**;

(b) Requests for exclusion from the Settlement Class must be submitted on or before **December 1, 2023**, or be forever barred; and

(c) Objections and motions to intervene, including supporting briefs, shall be filed in this Court and postmarked and served on Class Counsel and Defendant' counsel, on or before **December 1, 2023**, or be forever barred;

(d) Briefing in support of final approval of the settlement, including any further briefing on Class Counsel's request for attorney's fees and expenses, shall be filed by **December 8, 2023**;

(e) Declaration by the Settlement Administrator regarding class notice shall be filed by **December 8, 2023**; and

5

(f) **The Final Approval Fairness Hearing is hereby scheduled for December 18, 2023, at 2:00 p.m.** at the Paul G. Rogers Federal Building and U.S. Courthouse, 701 Clematis Street, Courtroom 2, Fourth Floor, West Palm Beach, FL 33401.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 19th day of September 2023.

_____
RYON M. MCCABE
U.S. MAGISTRATE JUDGE