UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-14206-McCabe

SASB CORPORATION d/b/a
OKEECHOBEE DISCOUNT DRUG,
individually and as the representative of a class
of similarly-situated persons,

          Plaintiff,

v.

MEDICAL SECURITY CARD COMPANY,
LLC,

          Defendant.

_____ /

## FINAL APPROVAL ORDER

On September 19, 2023, this Court entered an order (the "Preliminary Approval Order")
granting preliminary approval to the settlement between plaintiff SASB Corporation d/b/a
Okeechobee Discount Drug ("Plaintiff"), on its own behalf and on behalf of the Settlement Class
defined below, and Medical Security Card Company, LLC ("Defendant"), as memorialized in their
Settlement Agreement filed with the Court on September 8, 2023 (the "Settlement Agreement"),
and directing notice to the Settlement Class.

On December 18, 2023, the Court held a fairness hearing (the "Final Approval Hearing"),
for which members of the Settlement Class had been given appropriate, advance notice and invited
to appear. All persons requesting to be heard in accordance with the Preliminary Approval Order
were given an opportunity to be heard. Having considered the Settlement Agreement, Plaintiff's
Memorandum in Support of Final Approval of the Class Action Settlement and Attorney's Fees

and Expenses, and all other evidence submitted, and good cause having been shown, **IT IS HEREBY ORDERED**:

1.      This Court has jurisdiction over the parties, the members of the Settlement Class, and the claims asserted in this lawsuit.

2.      The Settlement Agreement was entered into in good faith following arm's-length negotiations and is non-collusive.

3.      The following Settlement Class is certified for purposes of settlement and judgment pursuant to Federal Rule of Civil Procedure 23(a), (b)(3), and (e):

> All persons and entities who were sent faxes: (1) between June 8, 2018 and June 29, 2022; (2) by or on behalf of Medical Security Card Company, LLC; (3) promoting the commercial availability or quality of its property, goods, or services; and (4) which did not contain an opt out notice as described in 47 U.S.C. § 227; but excluding all persons and entities who received faxes through an online fax service provider.

By agreement of the Parties, the following persons are also excluded from the Settlement Class: (1) Defendant, including its parent, subsidiary, and affiliated corporations, and their attorneys, officers, directors, agents, servants, and employees, and the immediate family members of such persons; (2) the named counsel in the Action and the employees of their offices or firms; and (3) the judge(s) assigned to the Action and their staff.

4.      The Court finds that certification of the Settlement Class is appropriate under Federal Rule of Civil Procedure 23(a), (b)(3), and (e), because: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff and its attorneys have fairly and adequately protected the interests of the class; and (e) a class action is the superior method for the fair and efficient adjudication of this controversy.

5.      Plaintiff, SASB Corporation d/b/a Okeechobee Discount Drug, is appointed as the "Class Representative." Phillip A. Bock and Bock Hatch & Oppenheim, LLC are appointed "Class Counsel."

6.      After due consideration of, among other things: (a) the uncertainty about the likelihood of the Settlement Class's ultimate success on the merits; (b) the range of the Settlement Class's possible recovery; (c) the complexity, expense and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of proceedings at which the settlement was achieved; (f) all written submissions, declarations, and arguments of counsel; and (g) after notice and hearing, this Court finds that the settlement is fair, adequate, and reasonable.

7.      As required by Rule 23(e)(2), the Court finds that: (a) the Class Representative and Class Counsel have adequately represented the Settlement Class; (b) the proposed settlement was negotiated at arm's length; (c) the relief provided for the Settlement Class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the Parties agreed to an effective method of distributing relief to the Settlement Class (direct notice by U.S. Mail and facsimile and a simple, one-page claim form with minimal and fair requirements), (iii) the terms of the proposed award of attorney's fees, including timing of payment, and (iv) the Parties submitted copies of the signed Settlement Agreement; and (d) the proposed settlement treats class members equitably relative to each other. Pursuant to Federal Rule of Civil Procedure 23(e), the Court finds that the settlement of this action, as embodied in the terms of the Settlement Agreement, is a fair, reasonable, and adequate settlement of this case, considering the factual, legal, practical, and procedural considerations presented.

8.      Accordingly, this Settlement Agreement should be and is APPROVED and shall govern all issues regarding the settlement and all rights of the Parties, including the Settlement

Class Members. The Parties and their counsel shall implement and consummate the Settlement Agreement according to its terms and provisions.

9.      All members of the Settlement Class who did not request exclusion, or whose exclusion request was not approved by the Court, are bound by this Order finally approving the Settlement. Each Class Member (including any person or entity claiming by or through him, her, or it) shall be bound by the Settlement Agreement, including the Releases set forth in the Settlement Agreement. The Settlement Agreement is binding on and has *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings brought or maintained by or on behalf of Plaintiff and all other Settlement Class Members who have not opted out of the Settlement.

10.     Upon the Declaration of Dorothy Sue Merryman, the Court finds that the Class Notice was distributed by U.S. Mail and by facsimile to the Class Notice List of potential members of the Settlement Class. Further, the Settlement Administrator posted the Settlement Agreement, the Motion for Preliminary Approval, the Preliminary Approval Order, the Class Action Complaint, and the Class Notice and the Claim Form on the website class-settlement.com, where persons who received the Class Notice could view those documents.

11.     The Court concludes that notice to the Settlement Class: (1) fully complied with the requirements of Federal Rule 23(c)(2)(B) and Constitutional due process; (2) constituted the best notice practicable under the circumstances; (3) constituted notice that was reasonably calculated to apprise the members of the Settlement Class of the pendency of this Action, the settlement terms, and their right to object to or exclude themselves from the proposed Agreement and to appear at the Final Approval Hearing; and (4) constituted due and sufficient notice to all persons

entitled to notice of the settlement of this Action. The Court also finds that the Parties have satisfied the requirements of Federal Rule 23(e)(1).

12.     No objections were received.

13.     6 persons requested exclusion from the Settlement Class, which exclusion is approved by the Court. The following persons are excluded from the Settlement Class and the Orders entered by this Court in these proceedings: Phuong-Duyen Nguyen; Tri-Cities Community Health Pharmacy (three locations); Jane Star Corp.; and Hematology & Oncology Assoc. of Northern CA.

14.     Defendant has made a total settlement fund of $9,487,050.00 (the "Settlement Fund") available to pay approved claims, class action notice and settlement administration costs, and attorney's fees and expenses to Class Counsel.

15.     Each Settlement Class member who submits a timely, valid, and non-duplicative Claim Form that is approved shall be mailed a check from the Settlement Fund for $50.00 for each of the Settlement Faxes sent to their fax number(s), as shown by the documents produced in the litigation, subject to reduction if paying $50 per fax would exhaust the Settlement Fund. The Settlement Administrator will mail the settlement checks within 15 business days after receiving funds from Defendant. Checks issued to the claimants will be void 181 days after the date of issuance as indicated on the settlement check. All funds from stale checks will be paid to Florida Rural Legal Services, Inc. as *cy pres*.

16.     As agreed between the parties, the Court approves Class Counsel's request for attorney's fees in the total amount of $2,371,362.50, 25% of the Settlement Fund, as reasonable, adequate, and supported by the Eleventh Circuit's precedents on attorney's fees in class actions. *See Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991); *Waters v.*

*International Precious Metals Corp.*, 190 F.3d 1291, 1297 (11th Cir. 1999); *Poertner v. Gillette Co.*, 618 Fed.Appx. 624, 626 (11th Cir. 2015). The Court further approves Class Counsel's request for reimbursement of out-of-pocket expenses in the amount of $19,044.94 plus the expenses incurred in traveling to the final approval hearing, finding those expenses were reasonably and necessarily incurred for the benefit of the Settlement Class. Defendant shall pay these amounts from the Settlement Fund when the Final Approval Order becomes final as those terms are defined in the Settlement Agreement.

17.     The Court approves $118,950 to be paid from the Settlement Fund to the Settlement Administrator for its services.

18.     The Court expressly adopts and incorporates herein all the terms of the Settlement Agreement. The Court orders the Parties to the Settlement Agreement to carry out their respective obligations under that Agreement.

19.     This action is hereby dismissed with prejudice and without taxable costs to any Party. The Court retains jurisdiction over this action, Plaintiff and all members of the Settlement Class, and Defendant, to determine all matters relating in any way to this Final Approval Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to, their administration, implementation, interpretation, or enforcement. The Court further retains jurisdiction to enforce this Order.

20.     Claims or causes of action of any kind by any Settlement Class member or anyone claiming by or through him, her, or it regarding, related to, or arising from the Settlement Faxes (as defined in the Settlement Agreement) that are brought in this Court or any other forum (other than those by persons who have opted out of the Settlement) are barred pursuant to the Releases set forth in the Settlement Agreement. All persons and entities are enjoined from asserting any

claims that are being settled or released herein, either directly or indirectly, against Defendant, in this Court or any other court or forum.

      **DONE and ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 19th day of December 2023.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE